## KUDMAN TRACHTEN ALOE LLP
### ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE
SUITE 4400

NEW YORK, NY 10118
(212) 868-1010

TELECOPIER (212) 868-0013
www.kudmanlaw.com

PAUL H. ALOE†
STUART R. KUDMAN*
GARY TRACHTEN††

MICHELLE S. BABBITT*

THOMAS M. FURTH**

MATTHEW H. COHEN*
WILLIAM E. HAMMOND**
JOHN S.LEGO***
ALISA L. SILVERSTEIN*

May 24, 2007

*ADMITTED IN NY & NJ
**ADMITTED IN NY ONLY
***ADMITTED IN NY & CA
†ADMITTED IN NY, NJ & PA
††ADMITTED IN NY, NJ, CT & GA

**Via ECF Electronic Filing:**

Honorable George B. Daniels
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Kristen Burke v. Daniel Rodriguez
              07 CV 3732 (GBD)
              Our File No.: 2921

Dear Judge Daniels:

      We represent the defendant Daniel Rodriguez in the above referenced action. Mr. Rodriquez was served with the summons and complaint in this action on May 16, 2007 and has not yet answered the complaint[1]. However, in accordance with Your Honor's Individual Rules and Local Rule 37.2, we submit this letter to request an immediate conference preliminary to an emergency application on behalf of Mr. Rodriguez for an Order quashing a third-party subpoena and for a protective order pursuant to Fed.R.Civ.P.26(c) prohibiting plaintiff from conducting any third party discovery before the Rule 16 conference scheduled for August 7, 2007 is convened. Alternatively, we ask for such an Order without the necessity of formal motion practice.

      Although we find it difficult to discern the gravamen of the plaintiff's complaint, the plaintiff apparently alleges that while she and Mr. Rodriguez were co-workers at Morgan Stanley, a financial industry firm, Mr. Rodriguez mislead her into having a dating relationship with him and into believing that he was a "suitable romantic partner." The complaint alleges that because of that relationship, the plaintiff assisted Mr. Rodriguez in packing up his belongings from his office after he gave notice that he would be resigning from Morgan Stanley. Ms. Burke's employment was thereafter terminated by Morgan Stanley "for cause" due to the

---

[1] Pursuant to a stipulation signed by the parties and submitted for Your Honor's consideration, Mr. Rodriguez' time to respond is extended to June 26, 2006.

**KUDMAN TRACHTEN ALOE LLP**

Hon. George B. Daniels
May 24, 2007
Page 2

assistance she provided Mr. Rodriguez in packing up his office. Based essentially upon those facts, the plaintiff makes the claims that Mr. Rodriguez thereby tortiously interfered with her at-will employment contract with Morgan Stanley and engaged in negligent misrepresentation and fraud that caused her to lose her job. Respectfully, we submit it is not necessary to read the defendant's forthcoming motion to dismiss for the Court to recognize the doubtful sufficiency of this pleading. A copy of the plaintiff's complaint is annexed hereto as Exhibit "A".

Andrew Laskin, the plaintiff's attorney, whose office is in New York City, took the extraordinary step of himself serving the summons and complaint on Mr. Rodriguez at his home in Fishkill, New York. Mr. Rodriguez has advised us that when Mr. Laskin served him with the papers, he also forcefully communicated with him about the case before Mr. Rodriguez had the opportunity to retain counsel. Then on May 22, 2007, Mr. Rodriguez was served again by a process server. On May 24, 2007, the plaintiff filed with the Court proof only of the latter, May 22, service.

On May 23, 2007, I contacted Mr. Laskin and advised him that we were retained by Mr. Rodriguez to represent him in this matter at which time I requested an extension of time to respond to the complaint on Mr. Rodriguez' behalf. Mr. Laskin consented and we signed and electronically filed a stipulation extending defendant's time to respond to June 26, 2007. Later that afternoon, Mr. Laskin emailed me some documents relating to this case, including a copy of a subpoena that he said his office had served on Morgan Stanley requesting "any/all documents, emails, instant messages, voicemails or other data and/or documents, in Morgan Stanley's possession, reflective of communications by and between the parties to this action for the period January 1, 2007 through May 3, 2007." The subpoena is returnable "on or before May 29, 2007." A copy of the subpoena is annexed hereto as Exhibit "B."

On May 24, 2007 (today), I emailed and faxed a letter to Mr. Laskin pointing out that the subpoena is premature, pursuant to the clear text of Fed.R.Civ.P. 26(d) because it was served before the parties have conferred as required by Rule 26(f), and is otherwise improper because the defendant was not given prior notice of the plaintiff's intent to serve the subpoena. I requested that the subpoena be withdrawn. A copy of my May 24, 2007 letter to Andrew Laskin is annexed hereto as Exhibit "C." Despite the clarity of the cited rule, Mr. Laskin's colleague, Joel Robinson, requested that we also provide case law supporting our position. I emailed to the plaintiff's counsel a case cite that unequivocally held that issuing non-party subpoenas prior to a Rule 26(f) conference is improper. I advised plaintiff's counsel that I would be forced to seek judicial intervention if they refuse to promptly withdraw the subpoena. Plaintiff's counsel refused to withdraw the subpoena and advised me to "make [my] application to the Court." A copy of the email correspondence between counsel is annexed hereto as Exhibit "D."

The subpoena served on Morgan Stanley is premature and improper. Fed.R.Civ. P. 26(d) states that "…a party may not seek discovery *from any source* before the parties have

KUDMAN TRACHTEN ALOE LLP

Hon. George B. Daniels
May 24, 2007
Page 3

conferred as required by Rule 26(f)." Fed.R.Civ.P. 26(d) (emphasis added). The case law is replete with instances of courts requiring parties to seek leave of court and show good cause before issuing subpoenas to non parties prior to a Rule 26(f) conference. See, *Crutcher v. Fidelity National Ins. Co.,* 2007 WL 430655 (E.D.La February 5, 2007) (holding a subpoena served on a non-party invalid because it was served prior to a Rule 26(f) conference). *See also, Paramount Pictures v. Davis,* 2006 WL 2092581 (E.D. Pa. July 26, 2006) (noting that plaintiff was required to seek leave to subpoena a non-party prior to a Rule 26(f) conference).

Here, the subpoena was not only served prior to any 26(f) conference but before Mr. Rodriguez even appeared in this action or had the opportunity to retain counsel.[2] Indeed, Mr. Laskin and Mr. Robinson contacted me on May 23, 2007 after Mr. Rodriguez requested that they fax me a copy of the Initial Pretrial Conference Order. I advised them at that time that this firm had not yet been retained as counsel for Mr. Rodriguez. During that conversation, plaintiff's counsel told me that they had already served a subpoena on Morgan Stanley.

The subpoena is also improper because it was served *ex parte*. Prior notice of the subpoena was not served on Mr. Rodriguez as required by Fed.R.Civ.P. 45(b). Rule 45(b) requires that "[p]rior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b)." Fed.R.Civ.P. 45(b)(1). *See, Biocore Medical Techs, Inc. v. Khosrowshahi*, 181 F.R.D. 660, (D.C. Kan. 1998) (holding that "prior notice" of any commanded production of documents and things as stated in Rule 45(b)(1) means prior to the service of a subpoena rather than prior to production.) Cf*., Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579 (2d Cir. 2002) (finding that counsel's "*ex parte* use of a Rule 45 subpoena is *beyond the bounds of federal practice*" and admonishing counsel "to strictly comply with the procedural rules governing civil actions in the Southern District of New York." – emphasis added).

It readily appears that the subpoena was served in an attempt to intimidate, harass and embarrass Mr. Rodriguez before his employer Morgan Stanley. Although Mr. Rodriguez has resigned and is presently on garden leave, he is still employed by Morgan Stanley as an "inactive employee." Moreover, through counsel other than us, he has been in discussions with Morgan Stanley concerning the terms of his departure. We cannot fathom any valid reason why this third-party discovery could be necessary at so early stage in the proceedings. The facts strongly suggest that the subpoena was issued for improper purposes.

I have requested by both letter and email that Mr. Laskin and Mr. Robinson identify the persons at Morgan Stanley with whom they have communicated with concerning the

---

[2] In fact, since the subpoena is dated May 15, 2007 and Mr. Rodriguez was not served with the summons and complaint until May 16, the subpoena may have been served on Morgan Stanley even before the summons and complaint was ever served on the defendant.

## KUDMAN TRACHTEN ALOE LLP

Hon. George B. Daniels
May 24, 2007
Page 4

subpoena. We wish to point out to Morgan Stanley how the subpoena was lawlessly issued and request that it refrain from providing any documents before we have the opportunity to obtain a judicial ruling on this matter. Plaintiff's counsel has refused to provide this information.

   Based upon the foregoing, the defendant respectfully requests the Court's intervention and an immediate pre-motion conference or, in the alternative, an Order granting the relief requested above.

   Thank you for your consideration.

            Respectfully submitted,

            /s/ Alisa L. Silverstein

            Alisa L. Silverstein

Enclosures

cc: Andrew Laskin, Esq. (By ECF and fax) (with enclosures)