UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KRISTEN BURKE,

                        Plaintiff,

                                                                  **AMENDED**
     -against-                                                **COMPLAINT**

                                                                  07 Civ 3732

                                                                 *Plaintiff Demands*
                                                                  *A Trial by Jury*

DANIEL RODRIGUEZ,

                        Defendant.
-----------------------------------------------------------------X

        **Plaintiff, KRISTEN BURKE**, by her attorneys, **ROBINSON & YABLON, P.C.**, complaining of the Defendant, DANIEL RODRIGUEZ, alleges as follows:

## BASIS OF JURISDICTION

    1.    This is an action pursuant to New York State law. The jurisdiction of this Court is predicated upon diversity of citizenship pursuant to 28 U.S.C. §1332 because the dispute involves parties from different states and damages in excess of one hundred thousand dollars ($100,000.00).

## IDENTITY OF PARTIES

    2.    At all times hereinafter mentioned, Plaintiff, KRISTEN BURKE, was a citizen of the State of New Jersey.

3. At all times hereinafter mentioned, Defendant, DANIEL RODRIGUEZ was a citizen of the State of New York.

4. On or about May 9, 2006, Plaintiff was hired by Morgan Stanley for the position of Associate in the Institutional Technology Group. Plaintiff's salary was $92,500.00 per annum exclusive of bonuses and/or other benefits.

5. As of May 9, 2006, and for several years prior, Defendant, DANIEL RODRIGUEZ, was an Executive Director at Morgan Stanley. In said capacity, Defendant, DANIEL RODRIGUEZ was the head of Morgan Stanley's Risk Modeling Group.

6. On or about May 30, 2006, Plaintiff began work at Morgan Stanley at the employer's office located at 750 5th Avenue. She was assigned to a work space on the building's 32nd floor.

7. Among Plaintiff's duties and responsibilities were the oversight and training of approximately twenty-eight Technology Group trainees. After completion of the training program for said trainees, plaintiff was responsible for placing them in positions at Morgan Stanley.

8. In or about January 2007, Defendant, DANIEL RODRIGUEZ, introduced himself to Plaintiff at Morgan Stanley. Thereafter, Defendant, DANIEL RODRIGUEZ did call, instant message and email Plaintiff, numerous times a day, with respect to Defendant, DANIEL RODRIGUEZ's alleged interest in securing a trainee for his Risk Modeling Group.

9. Defendant, DANIEL RODRIGUEZ did then begin to pursue Plaintiff, many times per day, by email, phone calls, instant messaging and personal visits to her work station. Defendant, DANIEL RODRIGUEZ began taking Plaintiff for coffee at a local Starbucks, and lunches at nearby restaurants.

10. Defendant, DANIEL RODRIGUEZ routinely would tell Plaintiff he was single, and that he lived in a studio apartment near Lincoln Center. Defendant told Plaintiff he was looking for a woman with whom he could settle down and start a family.

11. After approximately three weeks of breakfast and coffee meetings, Defendant, DANIEL RODRIGUEZ asked Plaintiff out to dinner and a movie.

12. Plaintiff went to a movie with Defendant, DANIEL RODRIGUEZ, at which time they were observed by Jane Hong, a manager at Morgan Stanley.

13. At the time Defendant, DANIEL RODRIGUEZ was dating Plaintiff, he knew she had just concluded a several year relationship with a person to whom she was once engaged. Defendant nevertheless pursued Plaintiff, day after day and many times per day, asking her to spend time with him, and assuring her that he was the man for her.

14. At the time Defendant, DANIEL RODRIGUEZ made these statements to Plaintiff, he was married to Robin E. Rodriguez. Defendant, DANIEL RODRIGUEZ had married Robin E. Rogriguez on December 19, 1987.

15. At the time Defendant, DANIEL RODRIGUEZ made these statements to Plaintiff, he was the father of a child, Blake Rodriguez, and said child's mother was Robin E. Rodriguez.

16. At the time Defendant, DANIEL RODRIGUEZ, claimed he lived in a studio apartment in New York City, he in fact lived with Robin E. Rodriguez at 18 Maurerbrook Drive, Fishkill, New York 12524.

17. Defendant, DANIEL RODRIGUEZ had lived at the Fishkill address since December 2003 when he purchased said home from Todd and Tracy Harvey.

18. Defendant, DANIEL RODRIGUEZ consciously, willfully and recklessly made numerous misrepresentations of fact to Plaintiff, all to mislead her into believing that Defendant, DANIEL RODRIGUEZ was a suitable romantic partner. Plaintiff relied upon Defendant, DANIEL RODRIGUEZ' misrepresentations, all to her detriment.

19. Defendant, DANIEL RODRIGUEZ told Plaintiff he was leaving the employ of Morgan Stanley, and that he had accepted a job at Credit Suisse First Boston.

20. On or about April 27, 2007, at Defendant, DANIEL RODRIGUEZ' behest, Plaintiff traveled with Defendant, DANIEL RODRIGUEZ to Houston, Texas where Defendant, DANIEL RODRIGUEZ, did make a presentation at a convention.

21. On April 27, 2007, Defendant, DANIEL RODRIGUEZ, told Plaintiff he had resigned from Morgan Stanley and that his last day of work would be April 30, 2007.

22. On April 29, 2007, upon their return from Houston and at Defendant, DANIEL RODRIGUEZ' behest, Plaintiff and Defendant, DANIEL RODRIGUEZ went to Morgan Stanley's offices.

23. Defendant, DANIEL RODRIGUEZ, told Plaintiff he needed her to accompany to to Morgan Stanley on Sunday, April 29, 2007 to have her assist him pack up his belongings. Plaintiff complied with Defendant's request.

24. On May 3, 2007, Plaintiff was terminated by Morgan Stanley. At the time of her termination, Plaintiff was advised she was being terminated for cause due to her assisting defendant, DANIEL RODRIGUEZ on April 29, 2007.

25. Plaintiff was further advised by Morgan Stanley's counsel that Defendant was under "criminal investigation," and that Plaintiff's assistance to Defendant would likely result in Plaintiff being embroiled in the "criminal investigation."

26. Plaintiff was told she was being terminated "for cause," that she would be blacklisted, and that she would not receive a positive reference from Morgan Stanley, notwithstanding her exemplary and blemish free work history.

## FIRST CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH CONTRACT

27. Plaintiff, KRISTEN BURKE repeats and reiterates the allegations contained within paragraphs "1" through "26", inclusive, as if set forth more fully and at length herein, and with the same force and effect.

28. Plaintiff, KRISTEN BURKE, had a valid at-will employment contract with Morgan Stanley.

29. Defendant, DANIEL RODRIGUEZ, had knowledge of the contract between Plaintiff and her employer.

30. Defendant, DANIEL RODRIGUEZ, intentionally, by way of fraud, misrepresentation, and deceit, improperly caused the breach of Plaintiff's employment contract with Morgan Stanley.

31. The breach of said contract, which Defendant, DANIEL RODRIGUEZ, did cause, has resulted in financial damage to Plaintiff herein.

32. That by reason of the foregoing, Plaintiff has been damaged as a result of Defendant's wrongful acts in the amount of $5,000,000.00 (FIVE MILLION DOLLARS).

## **SECOND CAUSE OF ACTION**

## **NEGLIGENT MISREPRESENTATION**

33.     Plaintiff, KRISTEN BURKE repeats and reiterates the allegations contained within paragraphs "1" through "32", inclusive, as if set forth more fully and at length herein, and with the same force and effect.

34.     Defendant, DANIEL RODRIGUEZ, had a duty, as a result of his special relationship with Plaintiff, to furnish Plaintiff with accurate and correct information.

35.     Notwithstanding said special relationship, Defendant did make numerous false statements to Plaintiff, all of which Defendant knew to be false.

36.     The information supplied in Defendant's representations was known by the Defendant to be desired by the Plaintiff for a serious purpose.

37.     The Plaintiff intended to rely upon Defendant's false statements and act upon them.

38.     Plaintiff did rely upon Defendant's false statements, all to her detriment, resulting in damage in the amount of $5,000,000.00 (FIVE MILLION DOLLARS).

## THIRD CAUSE OF ACTION

### FRAUD

39. Plaintiff, KRISTEN BURKE repeats and reiterates the allegations contained within paragraphs "1" through "38", inclusive, as if set forth more fully and at length herein, and with the same force and effect.

40. As set forth, supra, Defendant did make numerous representations to Plaintiff.

41. Said representations were material to the matters at hand.

42. Defendant knew, at the time he uttered said statements, that they were false.

43. Defendant made such statements with the intent of misleading Plaintiff.

44. Given the scope and nature of Defendant's scheme to deceive, Plaintiff justifiably relied upon his false statements.

45. Plaintiff's justifiable reliance upon said false statements proximately caused Plaintiff to suffer financial damage and emotional injury.

46.  That by reason of the foregoing incident, Plaintiff has been damaged as a result of Defendant's wrongful conduct in the amount of $5,000,000.00 (FIVE MILLION DOLLARS).

WHEREFORE, Plaintiff KRISTEN BURKE, demands judgment against the defendant in the sum of:

(i)  $5,000,000.00 (FIVE MILLION DOLLARS) on the FIRST CAUSE OF ACTION;

(ii)  $5,000,000.00 (FIVE MILLION DOLLARS) on the SECOND CAUSE OF ACTION;

(iii)  $5,000,000.00 (FIVE MILLION DOLLARS) on the THIRD CAUSE OF ACTION.

Dated: New York, New York
       May 24, 2007

ROBINSON & YABLON, P.C.
Attorneys for Plaintiff

By: Andrew M. Laskin (AL9379)
232 Madison Avenue, Suite 1200
New York, New York 10016
(212) 725-8566